11-4846
Jiang v. Holder

BIA
Balasquide, IJ
A087 464 767

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand thirteen.

PRESENT:
        JOSÉ A. CABRANES,
        ROBERT D. SACK,
        SUSAN L. CARNEY,
            *Circuit Judges.*

_____

LIANG JIE JIANG,
        *Petitioner,*

        v.                                    11-4846
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Lee Ratner, Law Offices of Michael
                         Brown, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Thomas B.
                         Fatouros, Senior Litigation Counsel;
                         Arthur L. Rabin, Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Liang Jie Jiang, a native and citizen of the People's Republic of China, seeks review of a November 9, 2011, decision of the BIA affirming the April 14, 2010, decision of Immigration Judge ("IJ") Javier Balasquide, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Liang Jie Jiang*, No. A087 464 767 (B.I.A. Nov. 9, 2011), *aff'g* No. A087 464 767 (Immig. Ct. N.Y. City Apr. 14, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Jiang does not challenge the denial of CAT relief, we address only asylum and withholding of removal.

For applications such as Jiang's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the . . . claim." *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We will "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167. The IJ's adverse credibility determination is supported by substantial evidence.

The IJ reasonably based his credibility finding on Jiang's inconsistent testimony and inconsistencies among his testimony, his brother's testimony, and the documentary evidence. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin,* 534 F.3d at 167. Indeed, the record reflects that: (1) Jiang's testimony that he had practiced Falun Gong in his brother's home was contrary to

3

both his later testimony that he had never visited his brother's house and his brother's testimony that he (Jiang) had practiced only in his own apartment and the park; (2) his testimony that he had moved to Guang Hui number 251 and had gone into hiding at his sister-in-law's house was contrary to his earlier testimony that he had not moved from number 102 and his household registration booklet that reflected only the 102 address; (3) his testimony that he and his wife moved in 2005 to the 102 address contradicted the 2007 date listed in his household registration booklet; (4) his testimony that he had obtained the registration booklet while he was in China, conflicted with the issuance date listed on the booklet and his later testimony that his wife obtained the booklet; and (5) his brother's testimony that the photographs of him practicing Falun Gong were taken in summer conflicted with his own testimony that they were taken in January and the photographs themselves which reflected that they were taken during fall or winter. The agency did not err in relying on these inconsistencies in making an adverse credibility determination. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin,* 534 F.3d at 167 (providing that an IJ may support an adverse

4

credibility determination with "any inconsistency or omission").

Moreover, the IJ reasonably rejected Jiang's explanations for his inconsistent testimony, specifically that he was nervous or "blank[ed] out," because they did not resolve how he gave detailed yet contradictory testimony. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). In addition, the adverse credibility determination is further supported by the IJ's demeanor finding based on Jiang's evasive testimony. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

The IJ also reasonably relied on Jiang's failure to submit sufficient corroborating evidence that Chinese family planning officials had forcibly aborted his wife's pregnancy and fined his wife when Jiang submitted only an abortion certificate from the government and no medical records showing that his wife had been pregnant and had undergone an abortion. *See Chuilu Liu v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009) (the agency may rely on an applicant's failure to provide convincing corroborating evidence in making an adverse credibility determination).

Given these inconsistencies, the negative demeanor finding, and the lack of corroboration, the totality of the

circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because the only evidence of a threat to Jiang's life or freedom depended upon his credibility, the adverse credibility determination in this case also necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6